No. 91-480

IN THE SUPREME COURT OF THE STATE OF MONTANA

1992

STATE OF MONTANA,

Plaintiff and Respondent,

-vs-

DEAN J. GOETTLE,

Defendant and Appellant.

FILED

MAY 21 1992

Ed Smith
CLERK OF SUPREME COURT
STATE OF MONTANA

APPEAL FROM: District Court of the Eighteenth Judicial District,
In and for the County of Gallatin,
The Honorable Thomas A. Olson, Judge presiding.


COUNSEL OF RECORD:

For Appellant:

Brian P. Fay, Bozeman, Montana

For Respondent:

Hon. Marc Racicot, Attorney General, Helena, Montana
John Paulson, Assistant Attorney General, Helena
A. Michael Salvagni, County Attorney; Gary Balaz,
Deputy and Gerry Higgins, Deputy, Bozeman, Montana


Submitted on Briefs: April 30, 1992

Decided: May 21, 1992

Filed:

Clerk

Chief Justice J. A. Turnage delivered the Opinion of the Court.

Dean J. Goettle appeals a sentence and judgment of the Eighteenth Judicial District, Gallatin County, which denied his motion for a new trial. We affirm.

The issue is whether the District Court abused its discretion by denying Goettle's motion for a new trial based on a comment made by the prosecution during closing argument.

On June 25, 1991, a jury found Goettle guilty of criminal endangerment and criminal mischief in connection with an incident that involved two gun shots fired at the Alpine Sinclair Station in Bozeman, Montana. On July 3, 1991, Goettle moved the District Court for a new trial based on a comment made by the deputy county attorney during closing argument. This comment called attention to the fact that Goettle's wife did not testify in support of his alibi defense.

In a sentence and judgment dated August 12, 1991, the District Court denied Goettle's motion for a new trial. From this sentence and judgment, Goettle appeals.


Did the District Court abuse its discretion by denying Goettle's motion for a new trial based on a comment made by the prosecution during closing argument?

In closing argument to the jury, a deputy county attorney made the following comment:

Now, there is something that I wondered about here. And that is, that we were told in the defense's opening statement that Pam Goettle, the defendant's wife, was going to testify and we would hear from her as to what went on. But that didn't happen.

Goettle's counsel objected to this comment as improper and the District Court sustained the objection. Goettle's counsel then moved that the comment be stricken and the District Court granted this motion. Later, the District Court issued the jury a curative instruction regarding the comment. Following the trial, Goettle moved for and the District Court denied Goettle a new trial based on this comment.

Goettle argues that this comment was improper and cannot be considered harmless error. The State argues that this comment was an invited and appropriate response to the lack of evidentiary support to Goettle's alibi defense and did not deprive him of a fair and impartial trial. Alternatively, the State argues that even if the comment was improper, it was harmless error in light of the strong case presented by the State against Goettle.

Section 46-16-702, MCA, provides that a district court may grant a new trial to a criminal defendant "if required in the interest of justice." The granting or denial of a new trial rests "within the sound discretion of the trial court and should not be disturbed on appeal unless an abuse of discretion is shown." State v. Goodwin (1991), 249 Mont. 1, 17, 813 P.2d 953, 963 (citation omitted).

3

Following a review of the record, we hold that the District Court did not abuse its discretion when it denied Goettle's motion for a new trial. In the absence of any reference to Goettle's wife's testimony, the comment that she failed to testify does not appear damaging to Goettle. Furthermore, any prejudice caused to Goettle from this comment was rendered harmless through the District Court's actions of sustaining Goettle's objection, granting Goettle's motion to strike, and issuing a curative instruction to the jury. We therefore affirm the District Court's sentence and judgment dated August 12, 1991.

Chief Justice

We concur:

Justices

May 21, 1992

CERTIFICATE OF SERVICE

I hereby certify that the following order was sent by United States mail, prepaid, to the following named:

BRIAN P. FAY, Esq.
Attorney at Law
125 West Mendenhall
Bozeman, MT 59715

HON. MARC RACICOT, Attorney General
John Paulson, Assistant
Justice Building
Helena, MT 59620

Mike Salvagni, County Attorney
Gary Balaz, Deputy County Attorney
Gerry Higgins, Deputy County Attorney
615 South 16th Avenue, Rm. 100
Bozeman, MT 59715

ED SMITH
CLERK OF THE SUPREME COURT
STATE OF MONTANA

BY:_____
Deputy